**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3594-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ASHLEY A. GEORGES,

     Defendant-Appellant.

_____

Argued November 9, 2021 – Decided November 22, 2021

Before Judges Fasciale and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 00-04-1057.

Ashley A. Georges, appellant, argued the cause pro se.

Barbara A. Rosenkrans, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney; Barbara A. Rosenkrans, of counsel and on the brief).

PER CURIAM

Defendant Ashley Georges appeals from an order denying his fourth post-conviction relief (PCR) petition without an evidentiary hearing. Based on our review of the record in light of the applicable legal principles, we affirm.

Prior to addressing defendant's arguments, we summarize the lengthy procedural history that serves as the backdrop to the pending appeal. In 2001, a jury convicted defendant of first-degree murder, N.J.S.A. 2C:11-3(a)(1); two third-degree charges of unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); and second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a). On February 8, 2002, the court sentenced defendant to an aggregate sentence of life imprisonment with a thirty-year period of parole ineligibility. We affirmed defendant's conviction and sentence, State v. Georges, No. A-3960-01 (App. Div. Sept. 29, 2003), and the Supreme Court denied defendant's petition for certification, State v. Georges, 180 N.J. 453 (2004).

Defendant filed a PCR petition in 2005 that was denied in an August 30, 2007 order. We affirmed the denial, State v. Georges, A-2215-07 (App. Div. July 9, 2010), and the Supreme Court rejected defendant's petition for certification, State v. Georges, 205 N.J. 15 (2010).

On December 6, 2010, defendant filed a petition for a writ of habeas corpus in the United States District Court for the District of New Jersey. In January

2011, while that petition was pending, defendant filed his second PCR petition in the Law Division. Defendant then filed an amended petition for writ of habeas corpus with the District Court, and a motion to stay the petition to allow defendant to prosecute his second PCR petition in the Law Division.

The Law Division later advised defendant he "must decide" whether he wished to "proceed with [his] case in State Court or Federal Court." Defendant subsequently requested dismissal of his PCR petition without prejudice pending the outcome of his motion for a stay of the petition for a writ of habeas corpus in the United States District Court. Based on the pendency of the federal proceeding, the Law Division denied defendant's second PCR petition without prejudice.

In February 2016, the District Court stayed the habeas corpus proceeding to allow defendant to exhaust his State court claims. Two months later, defendant filed his third PCR petition. In a written decision, the court later determined defendant's second and third PCR petitions were time barred.[1] We affirmed the court's order denying his second and third petitions, State v. Georges, No. A-

---

[1] The court also rejected defendant's claim he was entitled to a new trial based on newly discovered evidence.

A-3594-19

0798-16 (App. Div. July 10, 2018), and defendant's petition for certification was denied by the Supreme Court, State v. Georges, 235 N.J. 453 (2018).

On February 8, 2020, defendant filed his fourth PCR petition. Defendant claimed the statement he provided during a 1999 interrogation by the police was obtained in violation of his Miranda[2] rights because he was not advised prior to the statement he had been charged with the murder for which he was later convicted at trial. More particularly, defendant relied on the Supreme Court's holding in State v. A.G.D., that a defendant who has been charged with a crime cannot knowingly and voluntarily waive the right to remain silent under the Fifth Amendment to the United States constitution and New Jersey common law unless he or she is first advised of the pending criminal charge. 178 N.J. 56, 67-68 (2003). He argued he was entitled to PCR because his rights, as explained by the Court in A.G.D., were violated when his statement was taken in 1999. He asserted his statement should have been excluded at trial.

Judge Michael A. Petrolle issued a cogent written decision denying defendant's petition. The judge noted the fourth PCR petition was filed more than eighteen years after defendant's 2001 conviction, and there was no support for defendant's contention the Court's 2003 decision in A.G.D. was given pipeline

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

retroactivity. Judge Petrolle determined defendant's petition was time-barred under Rule 3:22-12(a)(2)(A), which bars the filing of a second or subsequent PCR petition more than one year after "the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review." The judge found "[t]he Supreme Court's making [its] holding retroactive to cases on collateral review is [a] prerequisite to" the invocation of the one-year period the Rule allows for filing a second or subsequent PCR petition, and that the Court did not make its holding in A.G.D. retroactive to cases on collateral review.

The judge further rejected defendant's claim counsel were ineffective by failing to raise the A.G.D. issue on his direct appeal and on the initial and subsequent PCR petitions. The judge found the claim was time-barred under Rule 3:22-12(a)(2). Judge Petrolle also explained A.G.D. was decided on October 9, 2003, and that any PCR claims based on ineffective assistance of appellate counsel should have been asserted in defendant's initial petition, which was filed in 2005. The judge determined that because A.G.D. was decided in 2003, defendant's PCR claim founded on the decision was also procedurally barred under Rule 3:22-4.

5

Defendant appeals from the court's denial of his fourth PCR petition.  He presents the following arguments for our consideration:

POINT I

THE PCR COURT'S RULING WAS BOTH ERRONEOUS AND AN ABUSE OF DISCRETION WHEN IT REFUSE[D] TO RECOGNIZE APPELLANT'S VESTED RIGHTS TO FILE [A] SUBSEQUENT PETITION, DEVIATED FROM THE TRIAL COURT'S ORIGINAL RULING, AND FAILED TO EVALUATE APPELLANT'S CLAIMS UNDER THE DOCTRINE OF FUNDAMENTAL FAIRNESS.

POINT II

THE PCR COURT'S RULING WAS ERRONEOUS WHEN IT MISINTERPRE[T]ED THE JIMENEZ RULING AND MISAPPLIED IT TO THIS MATTER, IT WAS ALSO AN ABUSED DISCRETION WHEN IT FAILED [TO] THOROUGHLY EVALUATE APPELLANT'S RETROACTIVE APPLICATION UNDER THE THREE FACTORS.

We review the legal conclusions of a PCR court de novo.  State v. Harris, 181 N.J. 391, 419 (2004).  The de novo standard of review also applies to mixed questions of fact and law.  Id. at 420.  Where, as here, an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court."  Id. at 421.  We apply these standards here.

A-3594-19

Having considered defendant's arguments in light of controlling procedural rules and substantive law, we affirm substantially for the reasons set forth in Judge Petrolle's opinion. We add only the following.

We affirm the court's denial of the petition because defendant's PCR claim is premised on a factual assertion that finds no support in the competent evidence. Defendant argues his constitutional rights were violated under the principles established by the Court in A.G.D. because he was interrogated by the police and provided the statement introduced at his trial without first being advised he had been formally charged with the murder for which he was later convicted. We reject the claim because defendant did not present any competent evidence he was charged with any offense prior his waiver of Miranda rights and the completion of the interrogation, and the record otherwise establishes he was formally charged with a crime only after the interrogation and his statement to the police ended.[3] Stated differently, defendant's PCR claim was correctly denied because A.G.D. is inapposite; there is no evidence an arrest warrant or

[3] During the November 30, 2001 hearing on defendant's motion to suppress his statement, Essex County Prosecutor's Office Investigator Mark Stollars testified he interrogated defendant and obtained defendant's statement that was later admitted at trial. Stollars testified defendant was not charged with any offenses until shortly after the interrogation of ended. Defendant does not cite to any competent evidence demonstrating he was charged with an offense prior to the completion of his interrogation and statement.

criminal complaint was filed against defendant prior to the administration of his Miranda rights or at any time prior to completion of the interrogation that yielded his statement. See A.G.D., 178 N.J. at 58-59 (holding a defendant's waiver of Miranda rights is invalid when the police fail to inform the defendant a criminal complaint has been filed, or arrest warrant has been issued, against him or her). And, contrary to his contention, the police were not required to advise of him of his status as a suspect during the interrogation. See State v. Nyhammer, 197 N.J. 383, 405 (2009).

Additionally, defendant's fourth PCR petition is time-barred and otherwise procedurally barred. Rule 3:22-12(a)(2) sets forth the time limits applicable to a fourth PCR petition. The Rule provides that a second or subsequent petition for PCR must be filed within one year after the latest of:

> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C) the date of the denial of the first or subsequent application for [PCR] where ineffective assistance of

counsel that represented the defendant on the first or subsequent application for [PCR] is being alleged.

[R. 3:22-12(a)(2).]

Under Rule 3:22-4(b),

[a] second or subsequent petition for [PCR] shall be dismissed unless:

(1) it is timely under [Rule] 3:22-12(a)(2); and

(2) it alleges on its face either:

(A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR].

Defendant's fourth PCR petition was not filed within the time permitted by Rule 3:22-12(a)(2). Defendant relies on A.G.D. for the declaration of the constitutional right upon which his claim is based, but A.G.D. was decided in

2003, sixteen years and three failed PCR petitions before he filed his fourth petition. The PCR petition is therefore time barred under Rule 3:22-12(a)(2)(A) because it was filed more than one year after A.G.D. was decided. In addition, as Judge Petrolle found, the claim is also barred under the Rule because A.G.D. was not made retroactive by the Supreme Court "to cases on collateral review." R. 3:22-12(a)(2)(A). Thus, even assuming the holding in A.G.D. applied here, defendant's PCR founded on the decision is time-barred.

Defendant's petition is also barred under Rule 3:22-12(a)(2)(B) because the putative factual basis for his claim – defendant's interrogation allegedly following the filing of formal charges – has been known to him since the challenged 1999 interrogation and was known to him at the time A.G.D. was decided in 2003. As noted, however, defendant did not assert the PCR claim founded on those facts and A.G.D. until 2019, long after the one-year period permitted in Rule 3:22-12(a)(2)(B).

To the extent defendant's fourth petition might be broadly interpreted as alleging his counsel in the prior PCR proceedings were ineffective by failing to assert a claim based on the principles in A.G.D., it is barred under Rule 3:22-12(a)(2)(C). The Rule requires that claims of ineffective assistance of counsel in prior PCR proceedings shall be filed within one year of the orders denying

10

the prior PCR petitions.  R. 3:22-12(a)(2)(C).  Here, the first PCR petition was denied in an August 30, 2007 order, and the second and third PCR petitions were denied in an order dated August 30, 2016.  Defendant's fourth petition was filed on February 20, 2020, well more than one year after entry of the orders denying his prior PCR petitions, and, for that reason, the fourth petition is time barred under Rule 3:22-12(a)(2)(C).  See State v. Brewster, 429 N.J. Super. 387, 398 (App. Div. 2013).

Defendant's fourth PCR petition is also barred under Rule 3:22-4(b) because it is untimely under Rule 3:22-12(a)(2).  See R. 3:22-4(b)(1). Additionally, the petition does not allege on its face that it "relies on a new rule of constitutional law, made retroactive" by either the United States Supreme Court or the New Jersey Supreme Court; the factual predicate for the relief could have, and should have, been discovered earlier through the exercise of due diligence and, even if proven, the factual predicate would not have raised a reasonable probability that the relief sought – reversal of his conviction – would have been granted; and the petition does not allege a prima facie case of ineffective assistance of counsel on the prior PCR petitions.  See R. 3:22-4(b)(2)(A) to (C).

Defendant's final claim – that PCR on his fourth petition is required to prevent a fundamental injustice – is without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION